## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DWIGHT SIMONSON, individually and
on behalf of all others similarly situated,
Plaintiff,

v.

THE HERTZ CORPORATION,
AMERICAN TRAFFIC SOLUTIONS, INC.,
and PLATEPASS LLC
Defendants

Civil Action No.

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

Plaintiff Dwight Simonson ("Plaintiff"), individually and on behalf of all others similarly

situated, by way of Class Action Complaint against Defendants The Hertz Corporation ("Hertz"),

American Traffic Solutions, Inc. ("ATS") and PlatePass, L.L.C. ("PlatePass")  (collectively,

"Defendants") states the following:

### NATURE OF THE CASE

1.      Plaintiff and the Class he seeks to represent are all renters of vehicles from Hertz,

whom Defendants have routinely victimized through a common course of unlawful conduct.

2.      In 2005, Hertz partnered with Defendant ATS to implement and charge Hertz's

car rental customers for a service called "PlatePass®," (PlatePass") which purportedly allows

rental car customers to bypass traffic and congestion at toll booths by using the electronic toll-

collection lanes of toll roads such as the E-ZPass® system, without having to stop to pay tolls

with cash.

3.      However, PlatePass is neither the boon, nor convenience Defendants tout it to be.

The Hertz rental contract only makes an oblique reference to transmitting billing information for

tolls and traffic violations to ATS.   In the context of what really occurs, this reference is misleading. Defendants uniformly do not and did not disclose to Hertz rental customers, including Plaintiff and Class Members, prominently or clearly in their rental agreements, or in or on other point-of-sale materials, that: (1) PlatePass is automatically activated for their rented vehicles; (2) by contracting to rent cars from Hertz, Plaintiff and Class Members automatically become enrolled as paying subscribers to PlatePass and as such automatically incur PlatePass administrative fees; and (3) in addition to the toll charge, customers who rent PlatePass-enabled cars are automatically required to pay an administrative or "service" fee of $2.50-$3.00 per rental day even for days customers do not use PlatePass.

4.     According to ATS, every Hertz rental vehicle in the United States has been pre-enrolled with PlatePass without *any* advanced commitment or contract with Hertz customers to use PlatePass. Despite this fact, the Hertz rental agreement presented to its customers does not identify PlatePass or specify the daily administrative fees they will incur for PlatePass while renting Hertz vehicles. Only *after* return of their rental cars, do Hertz customers, like Plaintiff and Class Members, receive a specific charge on their charge card and/or an itemized bill in the mail from ATS and PlatePass demanding payment of specified administrative fees, which often exceed the toll charges themselves. Defendants simply have no contractual right to charge Plaintiff and Class Members administrative fees for PlatePass.

5.     Upon information and belief, thousands of individuals have been victims of Defendants' misconduct involving PlatePass administrative fees since its inception and implementation at Hertz car rental locations.  Accordingly, Plaintiff brings this suit for breach of contract, violation of the New Jersey Consumer Fraud Act ("NJCFA"), and for unjust

enrichment to stop Defendants from continuing on their unlawful course of conduct and to recover for ascertainable monetary losses Defendants have caused to him and Class Members.

## PARTIES

6.     Plaintiff is a citizen and resident of Mecklenburg County, North Carolina. Within the applicable statute of limitations period, Plaintiff rented an automobile equipped with PlatePass from Hertz in Orlando, Florida and was later charged administrative fees by ATS for which he did not agree to pay.

7.     Defendant Hertz is a Delaware corporation whose headquarters, nerve center and principal place of business are in Park Ridge, New Jersey.  Hertz is registered with the state of New Jersey to conduct business in New Jersey.  Hertz maintains car rental offices in several dozen locations in New Jersey, as well as elsewhere throughout the United States, where it offers for rent and rents cars for business and leisure.

8.     Defendant ATS is a Kansas corporation with its principal place of business and nerve center in Scottsdale, Arizona.  ATS is registered with the state of New Jersey as a foreign corporation doing business in New Jersey.

9.     Defendant PlatePass is a Delaware limited liability company and is an operational division of ATS which administers ATS's PlatePass system and collects tolls and PlatePass administrative fees. PlatePass's headquarters and nerve center is located in Scottsdale, Arizona.

10.     Notwithstanding corporate formalities, ATS and PlatePass have combined operations, and at all times material to this litigation, ATS actively directed and controlled the daily activities of PlatePass and totally dominated it, to the extent that PlatePass manifested no separate corporate interests of its own and functioned solely to achieve the purposes of ATS. Among other things, upon information and belief:

a.  ATS states publically that PlatePass is a division of ATS;

b.  ATS owns and controls the trade names and service marks for PlatePass and the copyright to www.platepass.com;

c.  The logos for PlatePass share the same design and coloration as those of ATS;

d.  All PlatePass corporate officers and managers are ATS corporate officers, and ATS officers and managers are  PlatePass officers and managers;

e.  ATS and PlatePass function as combined companies pursuant to a joint operating agreement;

f.  ATS implements the operational plans for PlatePass systems for local toll authorities;

g.  ATS maintains a database of rental car license plates imaged at toll facilities as part of the PlatePass system;

h.  ATS markets PlatePass nationally on behalf of both ATS and PlatePass;

i.  ATS officers execute agreements on behalf of PlatePass;

j.  ATS arranged for and contracted with Hertz to implement the PlatePass system on Hertz rental cars; and,

k.  ATS and PlatePass share the same corporate locations and share the same corporate personnel, corporate finances, and corporate expenses.

11.   At all times material hereto, Plaintiff is informed and believes and alleges that each Defendant is responsible in some manner for the occurrences and damages alleged herein, and that Plaintiff and Class Members' damages were proximately caused by said Defendants.

12.   At all times material hereto, Plaintiff is informed and believes and alleges that each of the Defendants acted in concert with each and every other Defendant, intended to and did

4

participate in the events, acts, practices and courses of conduct alleged herein, and were a proximate cause of damage and injury thereby to Plaintiff and Class Members.

13.     At all times material hereto, Plaintiff is informed and believes and alleges that the acts complained of, and otherwise attributable to each Defendant were executed and performed by its agents or personnel, which were at the same time acting within the scope and actual or apparent authority of Hertz, ATS and PlatePass.

14.     As stated above, at all times material hereto Plaintiff is informed and believes and alleges that the operations of ATS and PlatePass were seamlessly integrated and each actively participated in the business practices about which Plaintiff complains.

15.     Whenever in this Complaint reference is made to any act or omission of a corporate defendant, partnership, or other entity, such allegations shall be deemed to mean that the directors, officers, agents, employees, distributors, partners, contractors, third-party sales agencies or representatives of said corporate defendant, partnership or other entity, did, authorize or command such act or omission while actively engaged in the management, operation, control or representation of the affairs of said corporate defendant, partnership or entity, and while acting within the course and scope of their agency, distributorship, contract, employment, representation and capacity.

## JURISDICTION AND VENUE

16.     This action is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17.     This Court has subject matter jurisdiction of the claims asserted herein pursuant to 28 U.S.C. § 2201, and 28 U.S.C. § 1332(d)(2)(A) as the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of

the class of plaintiffs are citizens of states different from at least one Defendant. Upon information and belief, there are more than 100 Class Members.

18.     This Court has jurisdiction over Hertz because it maintains its corporate headquarters and principal place of business in this District; does substantial business in this District; and has registered with the state of New Jersey to conduct business in this District. Hertz maintains car rental offices in several dozen locations in New Jersey.

19.     This Court has jurisdiction over ATS and PlatePass because the two companies operate as combined entities and ATS has registered with the state of New Jersey to do business in this District. Also, PlatePass and ATS have done substantial business in New Jersey: ATS has contracted in New Jersey to provide red-light photo-enforcement programs for New Jersey municipalities. PlatePass and ATS have activated PlatePass for use on at least 10 toll roads in or affecting New Jersey to collect tolls using PlatePass, and they have jointly maintained and collected tolls and PlatePass administrative fees from rental car customers traveling in, to or from New Jersey, including the Newark airport.

20.     Venue is proper under 28 U.S.C. § 1391, as acts and/or omissions giving rise to Plaintiff's claims occurred in this District; Defendants maintain and oversee agents or representatives in this District; and Defendants have conducted business activities on an on-going basis in this District at all times material hereto. In addition, Hertz typically requires in form contracts that venue for disputes with its customers lie in this District and that New Jersey law, excluding choice of law principles, governs its rental contracts and relationships with customers.

## BACKGROUND

21.   Hertz is engaged in the business of, among other things, renting vehicles for business and leisure, which is in and affects commerce in New Jersey and across the U.S.  ATS and PlatePass are jointly in the business of supplying and administering the PlatePass automated toll collection service which is in and affects commerce in New Jersey and across the U.S.

22.   In terms of revenue, Hertz states it is the world's largest general use car rental brand, operating from approximately 7,800 locations in 145 countries worldwide. Hertz believes it is "the number one" airport car rental brand in the U.S.  It operates company-owned locations at airports and elsewhere across the United States.  It also grants licensees rights to rent vehicles under the Hertz brand.  Hertz rental cars may also be rented on the Internet.

23.   As a matter of course, Hertz requires car rental customers to execute standardized rental contracts it drafts, which spell out the terms, charges and conditions of the rental arrangement.  These agreements are pre-printed form contacts and customarily include a per-day rental charge and indications of the types of services the renter has chosen.

24.   ATS and Hertz have entered an agreement and have jointly offered and implemented PlatePass for Hertz rental cars since at least 2005.

25.   According to ATS, "[i]n 2005, ATS introduced PlatePass, an automated electronic payment service that enables Hertz…rental car customers to use high-speed, cashless electronic toll lanes at participating locations throughout the United States."[1]

26.   By July 2006, Defendants implemented PlatePass for Hertz customers renting cars in Houston, Texas and many of Hertz's locations in New Jersey and New York. By December 2006, Hertz announced the PlatePass program's expansion to Boston, Atlantic City,

---

[1] http://www.atsol.com/about-us.html

Philadelphia, Baltimore and Washington, D.C. and on major toll roads throughout the Northeast corridor, from Virginia to Maine.

27.     By September 2007, Defendants implemented PlatePass for Hertz customers renting vehicles in Florida.  In April 2008, Colorado locations were added, and in 2009 the San Francisco Bay Area toll roads were added.

28.     Currently, PlatePass is activated on toll roads in the 12 Northeast and Mid-Atlantic States, Florida, Colorado, Texas, and the Northern California Bay area.

29.     At all times material hereto, according to ATS,[2] *all* Hertz rental cars have pre-enrolled and enabled to use the PlatePass system and no advanced commitment or contract has been required or provided to use PlatePass.

30.     The PlatePass system electronically identifies Hertz rental vehicles as they travel through toll collection sites which allow for electronic toll collection.  This is accomplished by various means depending on location, such as capture and recognition of license plate numbers, or electronic transponders in the vehicle. Once the identification is made, ATS and PlatePass, acting as agents and instrumentalities of Hertz, receive data identifying specific Hertz rental vehicles and tolls they incurred on specific dates. Hertz in turn provides ATS the personal identification and payment information of Hertz customers (including credit card information) and the vehicles they rented.  As agents and instrumentalities of Hertz, ATS and PlatePass then match the toll and car data to Hertz customers Hertz provides them, calculate the toll charges electronically, and later charge tolls and fees to the credit or debit card used to rent the vehicle from Hertz. For Hertz customers who pay by cash, ATS and PlatePass collect tolls and PlatePass charges pursuant to invoices sent to them in the mail.

---

[2] https://www.platepass.com/tollRoads/PlatePass%20Hertz%20FAQ%27s.html.

## IMPOSITION OF PLATEPASS ON PLAINTIFF AND CLASS MEMBERS

31.    No matter where PlatePass-enabled cars are rented from Hertz in the U.S., Defendants uniformly caused Plaintiff and each Class Member to suffer the same injurious predicament and ascertainable loss:

      a.  Plaintiff and Class Members have been automatically pre-enrolled with PlatePass *without* any advanced commitment, assent or contract to use PlatePass;

      b.  Defendants systematically provided Plaintiff and Class Members no disclosure in Hertz rental agreements or at the point-of-sale that *any* use of a Hertz rental vehicle enabled with the PlatePass automated toll-payment service would result in administrative or "service" fees of $2.50-$3.00 per rental day payable to ATS; and,

      c.  Defendants provided Plaintiff and Class Members no disclosure in rental agreements or at the point-of-sale that they would be obligated to pay PlatePass administrative fees even if they do not use PlatePass.

32.    Upon information and belief, Defendants' PlatePass system regularly identified Plaintiff and each Class Member's Hertz rental vehicles as they traveled through toll collection lanes, and Defendants systematically imposed PlatePass administrative fees on Plaintiff and Class Members in the manner set forth above in Paragraphs 29-31.

33.    Moreover, as a matter of course, Plaintiff and Class Members executed no separate agreement relating to PlatePass usage or charges, including administrative fees. Each Plaintiff and Class Member executed Hertz's standardized pre-printed rental agreement, but the agreement uniformly did not identify PlatePass or specify the daily PlatePass administrative fees which customers agree to pay for renting Hertz vehicles.

34.     Instead, the Hertz rental contract Plaintiff and Class Members executed only made the following oblique and misleading reference:

> You authorize us to release your rental and charge card information to our designated vendor, American Traffic Solutions for the exclusive purpose of processing and billing tolls, parking or traffic violation fines and penalties and related administrative fees incurred during the term of your rental.

*See* Exhibit A attached hereto.

35.     The foregoing clause is misleading because it recites only part of what really happens to Hertz rental customers.  Hertz drafted the foregoing clause and it does not and did not:

a.  Identify PlatePass;

b.  State, explain, or provide that PlatePass is automatically activated for Plaintiff and Class Members' rented vehicles;

c.  State, explain, or provide that by contracting to rent cars from Hertz, Plaintiff and Class Members automatically become enrolled as paying subscribers to PlatePass and must pay PlatePass administrative fees; or,

d.  State, explain or provide that, in addition to the toll charge, customers who rent PlatePass-enabled cars are automatically required to pay an administrative or "service" fee of $2.50-$3.00 per rental day even for days customers do not use PlatePass.

### FACTS RELATING TO NAMED PLAINTIFF

36.     Sometime before June 23, 2009, while at his home in Mecklenburg County, North Carolina, Plaintiff reserved and leased a rental vehicle from Hertz through the website

http://www.hotwire.com for pick up at Hertz's Orlando, Florida International Airport location and use from June 23, 2009 to June 29, 2009.

37.     On or about June 23, 2009, Plaintiff travelled from Mecklenburg County to Hertz's Orlando International Airport location whereupon he was presented with a standard Hertz rental contract for his signature.   A copy of this agreement is attached hereto as Exhibit A.

38.     At no time was Plaintiff informed prior to renting from Hertz, while he was in possession of his Hertz rental vehicle or upon returning his vehicle to Hertz that:

     a.   His Hertz rental vehicle was pre-enrolled and activated for PlatePass;

     b.   Any use of his Hertz rental vehicle or the PlatePass automated toll-payment service would automatically result in the administrative fees payable to ATS; or

      He would automatically incur an administrative or "service" fee of $2.50 per rental day, *including* any days when he did not use PlatePass.

39.     Upon information and belief, sometime between June 23, 2009 and June 29, 2009 Plaintiff's Hertz rental vehicle passed through a toll lane in Orlando, Florida, which triggered operation of PlatePass's system.

40.     Sometime in July of 2009, Plaintiff received an invoice from ATS demanding payment for $10.75, which included a $0.75 toll charge and a $10.00 service charge.

41.     Plaintiff contacted ATS to confirm that the vehicle he had rented from Hertz was the same vehicle for which the toll and service charge had been assessed.

42.     Plaintiff at that time was informed, for the first time, that the vehicle he rented from Hertz was enabled with PlatePass and that he was charged a $10.00 fee for use of the PlatePass service.

43.     On July 23, 2009, Plaintiff paid ATS the sum of $10.75, unaware of the facts and circumstances surrounding the imposition of the PlatePass fee and that Defendants had no legal right to collect PlatePass administrative fees.  Had he previously known about the PlatePass fees, he would have not incurred or paid the charges or rented from Hertz.

## PLAINTIFF AND CLASS MEMBERS HAVE ASCERTAINABLE LOSSES

44.     As set forth above, Defendants routinely do not and did not disclose to Hertz customers, including Plaintiff and Class Members, facts and information which are material.

45.     In Hertz rental contracts and point-of-sale materials, Defendants have uniformly and knowingly failed to: disclose the foregoing material facts and information; disclose the foregoing material facts and information clearly and conspicuously, or disclose the foregoing material facts and information in a manner consumers are likely to notice and understand. Defendants are and were in a superior position to know such facts and information, and such information is within Defendants' exclusive knowledge and unknown to Plaintiff and Class Members.  Without the foregoing information, consumers cannot determine just what costs and obligations they will undertake to rent vehicles from Hertz rental cars.

46.     Though their common course of conduct, Defendants have employed or used means or methods of imposing PlatePass-related administrative fees which have caused consumers, including Plaintiff and Class Members ascertainable losses, in that, among others things, Defendants jointly, severally and systematically:

    a. Deprived Hertz customers of material facts and information, which would likely affect their decisions whether to rent vehicles from Hertz or their abilities to make intelligent and meaningful choices between or among Hertz and other rental car companies; and,

    b.   Imposed on Class Members administrative fees which were not disclosed and not agreed in their rental contracts.

    c.   Did not provide Hertz customers with a meaningful way to reject the purported service and avoid paying unnecessary and unwanted service fees.

47.    Because of Defendants' course of conduct described above and because Defendants uniformly failed to disclose material facts about PlatePass adequately or disclosed them in a misleading manner, consumers cannot and could not reasonably avoid their injuries.

48.    Defendants' course of conduct set out above is on-going and adverse to the public interest and the policies underlying consumer protection laws. Unless enjoined and restrained by an order of this Court, Defendants will continue to engage in the unlawful acts and practices set out herein. Such acts and conduct by Defendants have caused ascertainable loss and actual damage to consumers, including Plaintiff and Class Members, and unless enjoined by the Court, Defendants will continue to aggrieve and cause monetary loss to Plaintiff, Class Members, and future Hertz rental car customers.

49.    Under Hertz's form contracts' choice of law provisions, New Jersey Law is applicable to Plaintiff's and all class members' claims.

## CLASS ACTION ALLEGATIONS

50.    Plaintiff brings this action on his own behalf and as a Class Action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed class:

> All natural persons and business entities who rented vehicles enabled with PlatePass from any rental store location owned or operated by Hertz or its licensees and who were charged administrative fees in connection therewith except Defendants, their parents, subsidiaries and affiliates, their directors and officers, and members of their immediate families. ("The Class" or "Class

Members") Also excluded from the Class are the Court, the Court's spouse, all persons within the third degree of relationship to the Court and its spouse, and the spouses of all such persons. *See* Canon 3.C (3)(a) of the Code of Conduct for United States Judges.

Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the Class definition.

51.    Numerosity: The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of members of the Class are unknown to Plaintiffs at this time, Class Members can be notified of this class action via publication and U.S. mail, at addresses which Defendants should have in their business records or records in their possession, custody or control.  The size of the Class can only be ascertained through appropriate discovery and class notice, but due to the nature of the trade and commerce involved in Defendants' extensive rental car and automated toll collection programs, Plaintiffs believe that the Class Members are so numerous that joinder of all members is impracticable.  Plaintiffs believe and therefore aver that there are likely thousands of Class Members.

52.    Commonality: There are questions of law or fact common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

  i.    Whether Defendants predominantly and clearly disclose in timely fashion PlatePass administrative fees to Hertz customers;

  ii.    Whether Hertz's rental agreements obligate Class Members to pay PlatePass administrative fees;

iii. Whether Defendants have a contractual right to impose and collect PlatePass administrative fees;

iv. The interpretation and application of Hertz's form rental agreements, including the New Jersey choice of law provision;

v. Whether Defendants' acts and practices constitute breach of contract;

vi. Whether Defendants' nondisclosure of PlatePass administrative fees violates the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 *et seq.*;

vii. Whether the facts Defendants fail to disclose about their PlatePass administrative fees are material;

viii.    Whether Plaintiff and the Class are entitled to damages, and if so, what is the proper measure of damages; and

ix. Whether Plaintiff and the Class are entitled to equitable relief, including injunctive relief to prohibit future improper and inequitable excessive PlatePass administrative fees.

53.    Typicality: Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff alleges a common course of conduct by Defendants towards members of the Class. Without notice, Plaintiff, like other members of the Class, has been charged an undisclosed administrative fee for use of the PlatePass service. Plaintiff and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiff's claims and those of the Class.

54.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members

of the Class. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

55.    Predominance: Plaintiff brings this action under Rule 23(b)(3) because the common questions of law or fact going to Defendants' liability set forth above predominate over individual questions of law and fact.  Indeed, the predominant legal issue in this action is whether Defendants are violating and have violated the law by charging customers administrative fees without notice in connection with the PlatePass service.  By litigating this issue, Plaintiff necessarily will establish Defendants' liability to all Class Members.  As indicated above, Hertz's form contracts selects New Jersey law as governing.

56.    Superiority: Certification under Rule 23(b)(3) is also appropriate because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy because given the relatively small dollar amount of the PlatePass administrative fee *per* Class Member, the complexity of the issues involved in this litigation, the enormity of Defendants' business, and the significant costs attendant to litigation, absent a class action, it is very likely prosecution of the claim set forth herein would not occur.

57.    Also, a class action is superior because it makes no sense for court after court to hear essentially the same claims and evidence relating to whether Defendants' PlatePass fee breaches Hertz's standardized rental contract and violates the New Jersey Consumer Fraud Act. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude their maintenance as a class action.

58.    In sum, class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of effort and expense that numerous individual actions would engender.

59.     Rule 23(b)(2): Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendants' ongoing imposition and collection of the PlatePass administrative fee, and to order Defendants to provide notice to buyers that the fee they paid was unlawful and of their potential right to reimbursement of the fee from Defendants.

60.     Because Plaintiff seeks injunctive relief for Class Members, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for the Defendants. Further, adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair and impede their ability to protect their interests.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

61.     Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

62.     This cause of action is pled in the alternative to Count IV (Unjust Enrichment), *infra.*

63.     All conditions precedent to this action have been waived or satisfied.

64.    At all times relevant to the matters set forth herein there existed a valid and enforceable rental contract between Plaintiff and Hertz.

65.    Hertz entered into valid and enforceable rental contracts with all other Class members that were substantively identical to Plaintiff's. These contracts were standardized form contracts.

66.    Hertz drafted the rental contracts it entered with Plaintiff and Class Members.

67.    The terms and conditions of the rental contracts Plaintiff and Class Members entered govern and give rise to the rights, duties and obligations of Defendants on one hand, and Plaintiff and Class Members on the other hand, *vis-à-vis* Plaintiff and Class Members' rental arrangements regarding Hertz rental vehicles.

68.    As stated *supra*, Hertz, acting individually and in concert with ATS and PlatePass, systematically transmitted personal and financial information of Plaintiff and Class Members to ATS and PlatePass for the purpose of imposing undisclosed and improper PlatePass fees and charges. As a result, Defendants routinely imposed and collected PlatePass administrative fees from Plaintiff and Class Members.

69.    However, Plaintiff and Class Members did not bargain for the PlatePass service or to pay PlatePass administrative fees, and Plaintiff and Class members were not informed of the terms of the PlatePass service, including its cost, until after charges were incurred.

70.    As a matter of course, and at least since July 2006, the Hertz rental contract presented to and signed by Plaintiff and Class Members did not and does not:

   a.   Identify PlatePass;

   b.   State, explain, or provide that PlatePass is automatically activated for Plaintiff and Class Members' rented vehicles;

c.  State, explain or provide that by contracting to rent cars from Hertz, Plaintiff and Class Members automatically become enrolled as paying subscribers to PlatePass and must pay PlatePass administrative fees; or,

d.  State, explain or provide that, in addition to the toll charge, customers who rent PlatePass-enabled cars are automatically required to pay an administrative or "service" fee of $2.50-$3.00 per rental day even for days customers do not use PlatePass.

71.    In light of the foregoing, Hertz's rental contracts with Plaintiff and Class Members did not and do not authorize or allow for Hertz's transmission of its customers' personal and financial information to ATS and PlatePass or imposition and collection of PlatePass administrative fees from Plaintiff and Class Members. Accordingly, Defendants, acting individually and in concert, breached the rental contracts of Plaintiff and Class Members.

72.    As a result of the foregoing breach, Plaintiff and Class members have suffered monetary damages.

WHEREFORE, Plaintiff prays for judgment on behalf of himself and on behalf of the Class Members defined above, as follows:

A.    Certifying the Class pursuant to Rule 23 (b)(3), *Fed. R. Civ. P.*, and appointing Plaintiff as representative for said Class Members and Plaintiff's counsel as Class Counsel;

B.    Awarding Plaintiff and Class Members damages measured by the amount of administrative fees paid;

C.    Awarding reasonable costs and attorneys' fees to Plaintiff and his counsel;

D.    Awarding applicable pre-judgment and post-judgment interest; and

E.    Awarding such other relief as the Court may deem just and proper.

## COUNT II
### (New Jersey Consumer Fraud Act)

73.    Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

74.    Plaintiff and Defendants are "persons" within the meaning of N.J.S.A. 56:8-1.

75.    The New Jersey Consumer Fraud Act ("NJCFA") provides that Defendants have a duty not to engage in "any unconscionable commercial practice, deception fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise…" N.J.S.A. 56:8-2.

76.    The business activities of Defendants discussed above constitute the sale or advertisement of merchandise within the meaning of the NJCFA. *See* N.J.S.A. 56:8-1.

77.    As set forth above, Defendants have engaged in unconscionable commercial practices or deceptive acts or practices where their conduct regarding PlatePass services and fees lacked honesty in fact, fair dealing and good faith or because it had the capacity to mislead consumers acting reasonably. As such, their conduct violated the NJCFA.

78.    As set forth above, Defendants have also knowingly omitted material facts regarding PlatePass. Defendants uniformly do not and did disclose to Hertz rental customers, including Plaintiff and Class Members, prominently or clearly in their rental agreements or on other point-of-sale materials, that: (1) PlatePass is automatically activated for their rented vehicles; (2) by contracting to rent cars from Hertz, Plaintiff and Class Members automatically become enrolled as paying subscribers to PlatePass and as such automatically incur PlatePass

administrative fees; and (3) in addition to the toll charge, customers who rent PlatePass-enabled cars are automatically required to pay an administrative or "service" fee of $2.50-$3.00 per rental day even for days customers do not use PlatePass. Defendants made these omissions with the intent that consumers rely on their omissions. As such, their conduct violated the NJCFA.

79.     Moreover, the Hertz contract, as presented to and signed by plaintiff, contained affirmative representations that it disclosed all charges that the renter would incur, and where the amount could not be determined until after the rental, a line item description was followed by asterisks instead of the dollar amount. The contract contained no mention of the Platepass administrative fee, and thus misrepresented the amounts the renter would be charged, in violation of the NJCFA.

80.     NJSA 56:8-2.11 provides that "Any person violating the provisions of the [NJCFA] act shall be liable for a refund of all moneys acquired by means of any practice declared herein to be unlawful.

81.     As a result of Defendants' conduct in violation of the NJCFA, Plaintiff and Class Members have suffered ascertainable losses, and unless restrained, class members and others in the further will continue to suffer injury and harm.

WHEREFORE, Plaintiff prays for judgment on behalf of himself and on behalf of the Class Members defined above, as follows:

A.     Certifying the Class pursuant to Rule 23 (b)2 and (b)(3), Fed. R. Civ. P., and appointing Plaintiff as representative for said Class Members and Plaintiff's counsel as Class Counsel;

B.     Awarding Plaintiff and Class Members damages measured by the amount of administrative fees paid and treble that amount if applicable and appropriate;

C.      Enter a final decree and order declaring that Defendants' conduct violated the New Jersey Consumer Fraud Act and further Ordering  Defendants pursuant to NJSA 56:8-2.11to disgorge and make restitution to Plaintiff and members of the Class by repaying all monies received or collected from Plaintiff and Class members for administration fees;

D.      Awarding  reasonable  costs  and  attorneys'  fees  to  Plaintiff  and  his counsel;

E.      Awarding applicable pre-judgment and post-judgment interest; and

F.      Awarding such other relief as the Court may deem just and proper.

## COUNT III
### (Injunctive Relief)

82.      Plaintiff re-alleges and incorporate by reference the above paragraphs of this Complaint as if fully set forth herein, and further states:

83.      Count III is brought on behalf of Plaintiff individually and on behalf of the Rule 23(b)(2) Class Members set forth above.

84.      The Hertz contract and the NJCFA create contractual or statutory duties for Defendants which they owe to Plaintiffs and Class Members, and they create legal rights for Plaintiffs and Class Members.

85.      Specifically, the terms and conditions of the rental contracts presented to and signed by Plaintiff and Class Members govern and give rise to the rights, duties and obligations of Defendants on one hand, and Plaintiff and Class Members on the other hand, *vis-à-vis* Plaintiff and Class Members' rental arrangements regarding Hertz rental vehicles.  As set forth above, Defendants have violated their contractual duties, injured Plaintiffs and Class Members thereby, and violated one or more cognizable legal rights Plaintiffs and Class Members possess.

86.     The NJCFA imposes on Defendants a duty not to engage omissions of material fact, unconscionable commercial practices or deceptive acts or practices. As set forth above, Defendants have violated that duty, injured Plaintiffs and Class Members thereby, and violated one or more cognizable legal rights Plaintiffs and Class Members possess.

87.     Upon information and belief, Defendants continue to impose the unlawful professional services fee in the manner described above. Defendants continue to retain monies due and owing Plaintiffs and Class Members because of their payment of that fee to Defendants.

88.     Defendants' acts and conduct have caused Plaintiffs and Class Members to be aggrieved, and unless enjoined by the Court Defendant will continue to aggrieve Plaintiffs, Class Members, and future Hertz customers.

89.     Plaintiffs and Class Members have no fully adequate remedy at law by virtue of Defendants' on-going course of conduct.

90.     Irreparable injury will be suffered unless an injunction issues to prevent Defendants from continuing to impose their unlawful professional services fee.

91.     Any potential injury to Defendants attributable to an injunction is outweighed by the injury that Plaintiffs and Class Members and the public will suffer if such injunction is not issued, and such injunction would not be adverse to the public interest.

WHEREFORE, Plaintiff prays for judgment as follows:

A.      Certifying the Class pursuant to Rule 23(b)(2), *Fed. R. Civ. P.*, and appointing Plaintiff as representative for Class Members and his counsel as Class Counsel;

B.      Enjoining Defendants from continuing to impose and collect their PlatePass fees; and requiring Defendants to provide notice to Class Members about their potential rights to have the fee refunded;

C.      Awarding reasonable costs and attorneys' fees to Plaintiffs and their counsel; and

D.      Awarding such other relief as the Court may deem just and proper.

## COUNT IV
### (Unjust Enrichment)

92.     Plaintiff hereby incorporates and realleges the allegations of preceding paragraphs as if fully set forth at length.

93.     As a result of the unlawful and unconscionable practices of the Defendants as described in the preceding paragraphs, the Defendants have obtained and retained significant monies to which they have no lawful claim, and have accordingly have been unjustly enriched.

94.     Through resort to its various practices described herein, Defendant received and continues to receive a non-gratuitous benefit, retention of which without disgorgement of its ill-gotten profits is unjust.

95.     The Plaintiff and the Class Members reasonably expect and expected that the Defendants would only charge administration fees for a service when commercially reasonable and fair for Defendants to do so, and as Defendants have acted beyond the bounds of commercial reasonableness and fairness and without a legally enforceable contractual right to do so, Defendants have been unjustly enriched beyond the bounds of its contractual rights.

96.     Plaintiff seeks disgorgement of all unjustly retained profits which have been obtained through Defendants' unfair, unlawful, misleading and deceptive means described with particularity in the forgoing paragraphs of this Complaint.

97.     Defendants' collection and retention of the administrative fees violates the fundamental principles of justice, equity and good conscience and unjustly enriches Defendants.

WHEREFORE, Plaintiff prays for judgment on behalf of himself and on behalf of the Class Members defined above, as follows:

A.      Certifying the Class pursuant to Rule 23 (b)2 and (b)(3), Fed. R. Civ. P., and appointing Plaintiff as representative for said Class Members and Plaintiff's counsel as Class Counsel;

B.      Entering a final decree and order declaring that Defendants' were unjustly enriched by the collection of the administrative fees and further order that they disgorge and make restitution to Plaintiff and members of the Class by repaying all monies received or collected from Plaintiff and Class members for administration fees;

C.      Awarding reasonable costs and attorneys' fees to Plaintiff and his counsel;

D.      Awarding applicable pre-judgment and post-judgment interest; and

E.      Awarding such other relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all claims so triable.

Respectfully submitted,

COHEN, PLACITELLA & ROTH, PC

Dated:  March 26, 2010

Christopher M. Placitella, Esq.
Michael Coren, Esq.
127 Maple Avenue
Red Bank, New Jersey 07701
(732) 747-9003
Attorneys for Plaintiff and the putative class

Of Counsel:

Steven R. Jaffe, Esq.
Mark S. Fistos, Esq.
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820
(Admission *pro hac vice* to be applied for)

Stephen A. Dunn, Esq.
Matthew E. Lee, Esq.
EMANUEL & DUNN, PLLC
Post Office Box 426
Raleigh, North Carolina 27602
(919) 832-0329
(Admission *pro hac vice* to be applied for)

Harry M. Roth, Esq
William D. Marvin, Esq.
COHEN, PLACITELLA & ROTH, PC
Suite 2900
Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 567-3500
(Admission *pro hac vice* to be applied for)

 PG 1 OF 3 # 01 RT   **RR 173424963**



Exhibit "A"

## DWIGHT SIMONSON   FLORL16   0132416

**VEHICLE   01398 / 8820409   09 YARIS 4D   N**
**LIC FL 853XSE   CLS  YB MILES OUT  1750   FUEL OUT  8/8**
**TK CAP  11.1   STALL  G #  077**

**RENTED: 06/23/09  15:15 @ ORLANDO HERTZ OFF AIRPORT**
**RETURN: 06/29/09  20:00 @ ORLANDO HERTZ OFF AIRPOR**

**You agree to pay charges at the rates and in the amounts that appear
on the left of the table below.** Taxable charges are denoted by a T, and
additional details about some charges appear beneath the table.  Our
estimates of Your total charges appear on the right of the table below.
Our estimates assume (1) You will rent and return the vehicle at the
times and places indicated, (2) if a mileage charge applies, You will drive
no more than the distance indicated and (3) You will not incur any charges
that either are listed below opposite **** or cannot be calculated until
return.  If any of these assumptions is incorrect, additional charges or
charges at higher rates may apply.

**CHARGE RATE / AMOUNT**                    **CHARGE ESTIMATE**

**TIME / MILEAGE CHGS: RATE PLAN -  HTWK**        **CLASS - B**
TOUR PURCHASE:      7 DAYS      CLASS:  B
**EXTRA CHARGES IF APPLICABLE**
   $    26.24/ EX DAY        WITH ALL MILES FREE
   $    17.35/ EX HR         WITH ALL MILES FREE

**ADDITIONAL CHARGES**
FEES FOR ANY ADDITIONAL AUTHORIZED
OPERATORS NOT INCLUDED.                        T$      ****

**OPTIONAL SERVICES**
**FUEL & SERVICE $ .258 /MI   $ 7.49 /GAL  11.1 /TK CAP  T$      ****

**ASSESSMENTS / FEES / TAXES**
ENERGY SURCHARGE                    INCL     T$      .00
TAX                                            $

173424963



**PG 2 0F 3 #01 RT**   RR 173424963

Further information relating to Your rental charges, and other terms to which You agree, appear below.

**FUEL & SERVICE CHARGES: PURSUANT TO PARAGRAPH 8 OF THE RENTAL AGREEMENT, FUEL & SERVICE CHARGES APPLY AT $ 7.49  PER GALLON OR, IF YOU DO NOT BUY FUEL DURING THE RENTAL AT $ .258 PER MILE. BOTH RATES PRODUCE APPROXIMATELY THE SAME RESULT.     T**

**YOU AGREE TO OPTIONAL SERVICES OF:**
LDW         DECLINED
LIS          DECLINED - OUR LIABILITY PROTECTION
                       IS SECONDARY
PAI/PEC   DECLINED

**OTHER FEES AND ASSESSMENTS:**
*CUSTOMER FACILITY CHARGE         $   2.50 PER DAY    INCL.
FLORIDA SURCHARGE                      $   2.48 PER DAY    INCL.
VEHICLE LICENSE COST RECOVERY   $   0.00  PER DAY
TAX RATE -  7.000 %    APPLIES TO ALL CHARGES MARKED   T
FLORIDA SURCHARGE INCLUDES VEHICLE LICENSE COST OF
$.45; WASTE TIRE & WASTE BATTERY FEES OF $.03 PER DAY
*2.50 PER DAY / $12.50 MAXIMUM CHARGE PER RENTAL

**NO "ADDITIONAL AUTHORIZED OPERATORS"** WITHOUT OUR PRIOR WRITTEN APPROVAL.

**YOU HEREBY CERTIFY** THAT YOU DID DEPLANE AT ORLANDO INTERNATIONAL AIRPORT WITHIN  48 HOURS PRIOR TO RENTING THE VEHICLE DESCRIBED IN THIS AGREEMENT.

**PASSENGER CAPACITY:** THE PASSENGER CAPACITY OF THIS VEHICLE IS DETERMINED BY THE NUMBER OF SEATBELTS AND, BY LAW, MUST NOT BE EXCEEDED.  WHILE IN THE VEHICLE, PLEASE FASTEN YOUR SEATBELT.  IT SAVES LIVES AND **IT'S THE LAW.** SHOULD YOU REQUIRE A LARGER VEHICLE, PLEASE CHECK AT THE COUNTER FOR AVAILABILITY.

YOU WILL BE CHARGED AN ADMINISTRATIVE FEE ALONG WITH TOWING/IMPOUND EXPENSES IF THE CAR MUST BE TOWED AS A RESULT OF YOUR NEGLIGENCE.

RES:  ID - E37138699B6         PLAN - HTWK         CLASS - B
TOUR:                     **HOTWIRE OPAQUE**
VCHR:  3016729424                                 ITHOTWIRE
PREPARED BY:  7217/FLORL16   PRINTED:  06/23/09 15:16  FLORLT11
173424963



PG 3 OF 3 # 01 RT   **RR 173424963**



**TO BE CHARGED TO:**
**VISA**  XXXXXXXXXXXX6905  <  **AUTH $**  200.00/12379C

You authorize us to release your rental and charge card information to our designated vendor, American Traffic Solutions for the exclusive purpose of processing and billing tolls, parking or traffic violation fines and and penalties and related administrative fees incurred during the term of your rental.

By Your declining the optional Liability Insurance Supplement (LIS), Par. 10(b) of the Rental Terms will apply to this rental. Florida law requires our liability protection and personal injury protection to be primary unless otherwise stated. Therefore, We hereby inform You of the following: **The valid and collectible liability insurance and personal injury protection insurance of any authorized rental or leasing driver is primary for the limits of liability and personal injury protection coverage required by ss.324.021(7) and 627.736, Florida Statutes.** Primary insurance means that, in the event of a covered loss, Your insurance or that of the Authorized Operator would be responsible for the payment of personal injury or property damage claims up to the limits of that insurance.

Failure to return rental property or equipment upon expiration of the rental period and failure to pay all amounts due (including costs for damage to the property or equipment) are prima facie evidence of intent to defraud, punishable in accordance with section 812.155, Florida Statutes, and other applicable law. If You decline Loss Damage Waiver (LDW), which is optional, You may be responsible for any loss or damage to the Car regardless of fault -- see Par. 4 of the Rental Agreement Terms And Conditions, which appear on the folder (GN1900005) delivered to You with this Rental Record (the Rental Terms). **Coverage for all or part of Your responsibility may be provided by Your own auto insurance or under your credit card agreement.** By signing below, You acknowledge that You have read, understand, accept and agree to the above and the Rental Terms, and You accept or decline the Optional Services as shown on Card 1 and Card 2.

**X** _____

173424963
The Hertz Privacy Policy governs the use of data about you. A copy of the policy is available at the rental counter and online at hertz.com.