UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DWIGHT SIMONSON, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br><br>THE HERTZ CORPORATION, AMERICAN TRAFFIC SOLUTIONS, INC., and PLATEPASS LLC,<br>Defendants. | Civil Action No. 1:10-cv-01585<br><br>Judge Noel L. Hillman<br><br>[Proposed]<br>ORDER GRANTING MOTION FOR *PRO HAC VICE* ADMISSION OF STEVEN R. JAFFE, ESQUIRE, MARK S. FISTOS, ESQUIRE STEPHEN A. DUNN, ESQUIRE AND MATHEW E. LEE, ESQUIRE |

**THIS MATTER** having been opened to the Court by Cohen, Placitella & Roth, P.C., counsel for Plaintiff, by way of Motion seeking an Order allowing Steven R. Jaffe, Esquire and Mark S. Fistos, Esquire, of the law firm Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. and Stephen A. Dunn, Esquire and Mathew E. Lee, of the law firm of Emmanuel & Dunn, PLLC to appear and participate in this action *pro hac vice*, and the Court having reviewed said Motion and papers submitted in connection therewith, and for good cause shown;

IT IS on this 30th day of August, 2010,

**ORDERED** that Plaintiff's motion be, and is hereby granted; and it is further

**ORDERED** that STEVEN R. JAFFE, Esquire and MARK S. FISTOS, Esquire of the law firm FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L, each being a member in good standing of the Bar of the State of Florida , and each not being now or at any time under suspension or disbarment by the bar of any court, and not being the subject of any pending disciplinary proceeding as a member of the bar of any court, be permitted to appear *pro*

*hac vice* in the above-captioned matter pursuant to L. Civ. R. 101.1, and it is further

**ORDERED** that STEPHEN A. DUNN, ESQUIRE and MATHEW E. LEE of the law firm of EMMANUEL & DUNN, PLLC, each being a member in good standing of the Bar of the State of North Carolina, and each not being now or at any time under suspension or disbarment by the bar of any court, and not being the subject of any pending disciplinary proceeding as a member of the bar of any court, be permitted to appear *pro hac vice* in the above-captioned matter pursuant to L. Civ. R. 101.1, and it is further

**ORDERED** that Steven R. Jaffe, Esquire, Mark S. Fistos, Esquire, Stephen A. Dunn, Esquire and Mathew E. Lee shall each abide by all the rules of this Court, including all relevant disciplinary rules; and it is further

**ORDERED** that Steven R. Jaffe, Esquire, Mark S. Fistos, Esquire, Esquire and the firm of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L, shall each consent to the appointment of the Clerk of the Supreme Court of New Jersey as agent upon whom service of process may be made for all actions against Steven R. Jaffe, Esquire, Mark S. Fistos, Esquire, Esquire and the firm of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L, that may arise out of Mssrs. Jaffe's or Fistos participation in the matter; and it is further

**ORDERED** that Stephen A. Dunn, Esquire and Mathew E. Lee and the firm of Emmanuel & Dunn, PLLC, shall each consent to the appointment of the Clerk of the Supreme Court of New Jersey as agent upon whom service of process may be made for all actions against Stephen A. Dunn, Esquire and Mathew E. Lee and the firm of Emmanuel & Dunn, PLLC, that may arise out of Mssrs. Dunn's or Lee's participation in the matter; and it is further

**ORDERED** that Steven R. Jaffe, Esquire, Mark S. Fistos, Esquire Stephen A. Dunn, Esquire and Mathew E. Lee shall notify the Court immediately of any matter affecting their respective standing as a member of the bar of any court; and it is further

**ORDERED** that Steven R. Jaffe, Esquire, Mark S. Fistos, Esquire Stephen A. Dunn, Esquire and Mathew E. Lee shall endeavor to assure that pleadings, briefs and other papers filed with the Court shall be signed and filed by an attorney of record who is authorized to practice before this Court; and it is further

**ORDERED** that Steven R. Jaffe, Esquire, Mark S. Fistos, Esquire Stephen A. Dunn, Esquire and Mathew E. Lee shall each pay the required annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 and this payment shall be made for any year in which Applicant continues to represent a client in the pending matter. Each shall further forthwith make payment of $150 for their admission payable to the Clerk, USDC as required by L. Civ. R. 101.1.

_____
KAREN M. WILLIAMS
U.S. MAGISTRATE JUDGE