```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
 _____
                                    :
DWIGHT SIMONSON, on behalf of       :
himself, and all others similarly   :
situated,                           :
                                    :     Civil Action No.
                     Plaintiff,     :     1:10-cv-1585 (NLH)(KMW)
                                    :
     v.                             :     OPINION
                                    :
THE HERTZ CORPORATION, et al.,      :
                                    :
                     Defendants.    :
 _____:
```

**APPEARANCES**:

Michael Coren, Esq.
Cohen, Placitella & Roth, P.C.
Two Commerce Square
Suite 2900
2001 Market St.
Philadelphia, PA 19103
*Attorney for Plaintiff Dwight Simonson*

Christopher Michael Placitella, Esq.
Cohen, Placitella & Roth, P.C.
127 Maple Ave.
Red Bank, NJ 07701
*Attorney for Plaintiff Dwight Simonson*

Michael J. Vassalotti, Esq.
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
*Attorney for Defendants The Hertz Corporation, American Traffic Solutions, Inc., and PlatePass, LLC*

**HILLMAN, District Judge**:

    This matter comes before the Court upon Defendants' The Hertz Corporation (hereinafter "Hertz"), American Traffic Solutions, Inc. (hereinafter "ATS") and PlatePass, LLC

(hereinafter "PlatePass") Motion to Dismiss Plaintiff's Complaint [Doc. 11]. Defendants move for dismissal because Plaintiff fails to state a claim upon which relief can be granted. Specifically, Defendants contend Plaintiff failed to properly plead his breach of contract, New Jersey Consumer Fraud Act and unjust enrichment claims. For the reasons expressed below, Defendants' Motion will be denied.[1]

## I.   JURISDICTION

This Court has jurisdiction over this action under 28 U.S.C. §§ 1332(d)(2), (5), and (6), which provide jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, the proposed class of plaintiffs includes more than 100 members[2] and any member of the alleged plaintiff class is a citizen of a State different from any defendant.

Plaintiff, Dwight Simonson, is a citizen of North Carolina. Defendant Hertz is a Delaware corporation with its principal place of business in Park Ridge, New Jersey. Defendant ATS is a Kansas corporation with its principal place of business in Scottsdale, Arizona. Defendant PlatePass is a Delaware limited liability company with its principal place of business in

---

[1] The Court notes that in Doherty v. The Hertz Corp., 10-0359, 2010 WL 4883487 (D.N.J. Nov. 24, 2010) it recently decided a case substantially similar to the present matter.

[2] Plaintiff opines that the "members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable . . . there are likely thousands of Class Members." (Doc. 1, Compl. ¶ 51).

Scottsdale, Arizona.  The amount in controversy is in excess of $5,000,000.

## II.  BACKGROUND[3]

This case arises from Hertz's[4] decision to partner with ATS to implement a service, PlatePass,[5] in all Hertz rental cars. PlatePass enables Hertz rental car customers to use an electronic toll payment service and thereby utilize the high-speed, cashless electronic toll lanes on roads and highways without having to stop and pay the toll with cash.

On June 23, 2009, Plaintiff, Dwight Simonson,[6] traveled from North Carolina to Orlando, Florida and rented a vehicle from Hertz at the Orlando International Airport.  To effectuate the rental, Simonson entered into a written rental contract with Hertz.  This contract, a preprinted rental agreement, provided, among other things, that Plaintiff authorizes Hertz "to release [Plaintiff's] rental and charge card information to our

---

[3] Given that the present matter before the Court is Defendants' Motion to Dismiss, the operative facts are culled from Plaintiff's Complaint, accepted as true, and considered in a light most favorable to the nonmoving party. *See* Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

[4] Hertz is a corporation engaged in the business of renting cars for business and leisure.

[5] PlatePass is both the name of the service and a limited liability company and operational division of ATS.  PlatePass, the LLC, administers the PlatePass system and collects PlatePass administrative fees and tolls.

[6] Dwight Simonson seeks to bring this class action suit on behalf of himself and all others similarly situated.

designated vendor, American Traffic Solutions for the exclusive purpose of processing and billing tolls, parking or traffic violation fines and penalties and related administrative fees incurred during the term of [Plaintiff's] rental." (Doc. 1, Compl. ¶ 34).  Neither the contract nor Hertz sales staff ever disclosed to Plaintiff, nor was he aware, that his Hertz rental vehicle was pre-enrolled and activated with PlatePass. Defendants' contract also did not disclose to Plaintiff that either the use of his rental vehicle or the PlatePass electronic toll collection service would result in a per diem administrative service fee that would even incur on days when Plaintiff did not utilize PlatePass.

Sometime between June 23, 2009 and June 29, 2009, Plaintiff traveled through a toll lane and triggered the PlatePass system. Approximately one month later, Plaintiff received an invoice from ATS for $10.75, a $0.75 toll and $10.00 service charge.  Unsure of why he received this bill, Plaintiff contacted ATS.  He was subsequently informed that his Hertz rental vehicle was enabled with PlatePass and he was charged a $10.00 fee for his utilization of the service.  The receipt of this bill was when Plaintiff first learned about the administrative fees associated with PlatePass.  Unaware of the facts and circumstances relating to the imposition of PlatePass fees, Plaintiff paid ATS $10.75. Plaintiff states that if he was aware of the fees, "he would have not incurred or paid the charges or rented from Hertz." (Doc. 1,

Compl. ¶ 43).

On March 26, 2010, Plaintiff filed a complaint against Hertz, ATS and PlatePass alleging breach of contract, consumer fraud and unjust enrichment.  Plaintiff primarily contends that the PlatePass electronic toll services were not adequately disclosed in the parties' agreement, and that Defendants impermissibly imposed administrative fees for times and amounts that were never disclosed or were misrepresented, including days when the PlatePass system was never utilized.  On June 22, 2010, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

### III. DISCUSSION

#### A. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However,

"[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine

6

whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    **B.**    **Breach of Contract**

        **1.**  **Voluntary Payment Doctrine**

Defendants contend the voluntary payment doctrine bars Plaintiff from recovery for breach of contract. In response, Plaintiff opines that he may recover because he was unaware of

the facts surrounding the imposition of any administrative fees.

The voluntary payment doctrine provides that "where a party, without mistake of fact, or fraud, duress or extortion, voluntarily pays money on a demand which is not enforcible [sic] against him, he cannot recover it back." Matter of New Jersey State Bd. of Dentistry, 423 A.2d 640, 643 (N.J. 1980) (quoting City of Camden v. Green, 25 A. 357, 358 (N.J. 1892)).  In other words, this doctrine only prevents restitution of payment if (1) the payment was made voluntarily, (2) the payor was not under any mistake of fact and (3) all circumstances of the payment were proper.  These three questions are all factual. Carducci v. Aetna U.S. Healthcare, 247 F.Supp.2d 596, 619 (D.N.J. 2003), *overturned on other grounds by* Levine v. United Healthcare Corp., 402 F.3d 156 (3d Cir. 2005).  At the motion to dismiss stage, a court cannot dismiss a plaintiff's complaint if it "does not establish whether the plaintiff's payment was truly voluntary and made without mistake of fact." Rickenbach v. Wells Fargo Bank, N.A., 635 F. Supp.2d 389, 395 (D.N.J. 2009); *see* Carducci, 247 F. Supp.2d at 620, *overturned on other grounds by* Levine v. United Healthcare Corp., 402 F.3d 156 (3d Cir. 2005) ("[T]his Court cannot dismiss at this juncture based on the voluntary payment doctrine because facts exist under which plaintiffs could be relieved from its application").

Defendants claim the voluntary payment doctrine applies

8

because Plaintiff paid the contested charges. Plaintiff acknowledges that upon receipt of the invoice from ATS he contacted ATS to "confirm that the vehicle he had rented from Hertz was the same vehicle for which the toll and service charge had been assessed." (Doc. 1, Compl. ¶ 41). After being informed "for the first time, that the vehicle he rented . . . was enabled with PlatePass and that he was charged a $10.00 fee for use of the PlatePass service", Plaintiff paid the fee. Id. at ¶ 42. Although Plaintiff paid the administrative fee, he also opines that he was "unaware of the facts and circumstances surrounding the imposition of the PlatePass fee." Id. at ¶ 43. At this juncture the Court cannot conclude that the voluntary payment rule bars Plaintiff's recovery. Although Plaintiff acknowledges he was unaware that Defendants had no legal right to collect any administrate fees, the Court cannot ascertain whether Plaintiff made the payments without a mistake of fact. For example, the facts as pled do not indicate whether Plaintiff, at the time he paid ATS, was aware that the $10.00 administrative service fee included charges for days he did not utilize PlatePass. Based upon a reading of the Complaint, it is entirely possible for the Court to determine that Plaintiff paid the $10.00 fee because he thought it incurred from his single use of PlatePass and was not the sum total of a per diem fee. If Plaintiff was aware the $10.00 fee included charges for days he did not utilize PlatePass, he may never have paid the fee. This mistake of fact,

9

if true, would preclude the voluntary payment doctrine.  The Court will, therefore, deny, without prejudice, Defendants' Motion to Dismiss Plaintiff's breach of contract claim under the voluntary payment rule.[7]  Defendants may raise this argument again on a motion for summary judgement.

### 2. Terms of the Contract

Defendants argue that Plaintiff's Complaint cites language in the rental agreement that expressly permits them to charge administrative fees.  Plaintiff contends Defendants breached the contract when, among other things, they charged him an undisclosed per diem administrative fee for PlatePass.

To establish a breach of contract claim, a plaintiff must prove that (1) the parties entered into a valid contract, (2) the defendant did not perform its obligations under the contract, and (3) the plaintiff suffered damages as a result. Murphy v. Implicito, 920 A.2d 678, 689 (N.J. App. Div. 2007) (citation omitted).  An enforceable contract must sufficiently define the terms so that performance by each party "can be ascertained with reasonable certainty." Baer v. Chase, 392 F.3d 609, 618-19 (3d Cir. 2004) (quoting Borough of West Caldwell v. Borough of Caldwell, 138 A.2d 402, 410 (N.J. 1958)).  If an ambiguity in the

---

[7] At this time, the Court does not address whether Plaintiff's allegation that Defendants violated the New Jersey Consumer Fraud Act also bars application of the voluntary payment doctrine.

10

contract arises because its terms are "susceptible to at least two reasonable alternative interpretations," the Court must determine the meaning of the contract by giving the "terms . . . their plain and ordinary meaning." Nester v. O'Donnell, 693 A.2d 1214, 1220 (N.J. Super. Ct. App. Div. 1997) (quoting in part Kaufman v. Provident Life and Cas. Ins. Co., 828 F.Supp. 275, 283 (D.N.J. 1992)).

Turning to the terms of the document Plaintiff signed, the only portion of the contract concerning toll collection provided:

> You authorize us to release your rental and charge card information to our designated vendor, American Traffic Solutions for the exclusive purpose of processing and billing tolls, parking or traffic violation fines and penalties and related administrative fees incurred during the term of your rental.

(Doc. 1, Compl. ¶ 34).

Defendants argue this provision clearly, unambiguously and expressly permits them to charge Plaintiff administrative fees. Plaintiff contends, however, this provision only allowed Defendants to charge administrative fees if he incurred parking or traffic violation fines and penalties.[8] More specifically, Plaintiff asserts that his contract with Defendants did not permit them to charge administrative fees merely for his use of

---

[8] The Court assumes Plaintiff would acknowledge that if he did not pay the tolls in cash and those tolls were paid by the PlatePass system, or some other means, he was obligated by contract to reimburse Defendants for the toll actually charged to the car.

the electronic toll payment service, PlatePass.  The Court agrees.  A reading of the contract provisions, in pari materia, indicates that Plaintiff has alleged a breach of contract claim. A reasonable interpretation of the contract is that Defendants could charge administrative fees only if Plaintiff (1) incurred parking or traffic violation fines or (2) for the cost of collecting an unpaid toll if a customer breached his duty to pay the toll either with cash or to reimburse Defendants.[9] Defendants may not charge a fee simply for the customer's use of the electronic toll payment service.  In other words, the contract fails to provide adequate notice about the applicability of the fees, and the occasions on and mechanisms through which they may be charged.

While Plaintiff should have known that he would have to reimburse any tolls appropriately charged to Defendants through the electronic toll payment service or other means, nothing in the contract indicates, expressly or unequivocally, that he would be responsible for administrative fees merely for availing himself of the convenience of the service.  Consequently, Plaintiff has stated a viable claim for breach of contract with

---

[9] Although Plaintiff does not concede that Defendants could charge an administrative fee if Plaintiff failed to either pay the toll with cash or reimburse Defendants if the PlatePass system paid the toll, the Court concludes that a fair interpretation of the contract permits Defendants to charge administrative fees if a customer fails to either pay the tolls or reimburse Defendants for tolls paid with PlatePass.

respect to Defendants' billing of administrative fees.[10]

Therefore, the Court concludes that based on the plain language of the parties' contractual agreement -- assuming <u>arguendo</u> the contract's validity -- Plaintiff has stated a claim for breach of contract upon which relief may be granted with respect to Defendants' imposition of administrative fees. For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's breach of contract claim is denied.

**C.   Consumer Fraud**

Defendants argue Plaintiff failed to plead an unlawful practice under the consumer fraud act because the rental agreement disclosed all administrative fees and charges.

---

[10] As part of his argument against the imposition of administrative fees, Plaintiff contends he was impermissibly charged a fee even on days he did not use PlatePass. Except to note the following, the Court need not address the issue of "excessive fees" at this time. As we noted above, the contract is silent as to what administrative fees may be imposed and under what circumstances. If Plaintiff prevails on his claim that the contract did not allow for the imposition of any administrative fees whatsoever in those cases in which the toll was paid at the time of assessment, a claim for excessive fees is redundant. If, and only if, Defendants ultimately prove the contract entitled them to charge Plaintiff administrative fees will the Court address whether the contract itself, the relative bargaining positions of the parties, or other principles of contract law applicable to these facts, place some limit on the amount of fees and under what circumstances those fees may be charged. In the present matter, however, we hold that Plaintiff has stated a viable breach of contract claim relating to the imposition of any and all administrative fees in this case. In light of the Court's decision to permit this claim to proceed and the fact that such a claim is closely intertwined with Plaintiff's consumer fraud claim, we need not address the issue of excessive fees as a breach of contract claim at this time.

Defendants additionally assert Plaintiff failed to plead any facts that, if proven as true, would demonstrate Defendants acted with an intent to deceive Plaintiff about the administrative fees.  Plaintiff contends Defendants failed to disclose and misrepresented pertinent information relating to the imposition of administrative fees.  This information included facts pertaining to the automatic activation of PlatePass and a per-diem administrative fee.

The New Jersey Consumer Fraud Act (hereinafter "CFA") "imposes liability on any person who uses: 'any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment.'" Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc., 929 A.2d 1076, 1086 (N.J. 2007) (quoting N.J.S.A. § 56:8-2); *see* Furst v. Einstein Moomjy, Inc., 860 A.2d 435, 440 (N.J. 2004) (same).  To establish a *prima facie* case under the CFA, a plaintiff must prove: (1) unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. Merck & Co., 929 A.2d at 1086.

Defendants contend Plaintiff failed to establish any unlawful conduct.  Unlawful conduct may arise from an affirmative

14

act, a knowing omission or a violation of an administrative regulation. Cox v. Sears Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994). An affirmative act includes unconscionable commercial practices, deception, fraud and misrepresentation. Miller v. Am. Family Publishers, 663 A.2d 643, 647 (N.J. Super. Ct. Ch. Div. 1995). Intent is not a requisite element. Id. To prove a knowing omission, however, "intent is an essential element. There must be proof that the defendant acted knowingly, with intent that another rely on such concealment . . . or omission." Id.

On a Motion to Dismiss the Court must accept Plaintiff's pleadings as true. Plaintiff avers Defendants' conduct constituted an unlawful practice because Defendants (1) charged Plaintiff for undisclosed administrative fees, a knowing omission or (2) misrepresented the applicability of those fees, an affirmative act.[11] This conduct, if true, demonstrates that Defendants may have committed consumer fraud.[12]

---

[11] Despite Defendants' contentions to the contrary, Fed. R. Civ. P. 8(d)(2) permits Plaintiff to plead alternative theories of liability. In his Complaint, Plaintiff has alleged sufficient facts to establish an "unlawful practice" premised on either a knowing omission or an affirmative act.

[12] As noted above, Defendants opine that the terms of the contract specifically authorize them to collect an administrative fee. Therefore, the contract precludes a determination that Defendants attempted to deceive Plaintiff. While Defendants may ultimately be proven right, for the same reasons that the breach of contract claim may survive this Motion, so too must this consumer fraud claim.

Plaintiff has properly alleged the requisite intent and knowledge to establish a knowing omission.  At the time of his execution of the contract, Defendants never disclosed to Plaintiff, either orally or in the contract's terms, that his rental vehicle was pre-enrolled and pre-activated with PlatePass.  Nor did Defendants inform Plaintiff of any administrative per diem fees associated with PlatePass or that an administrative fee would incur on days he did not utilize PlatePass.  This lack of any comprehensive disclosure of a per diem administrative fee, when Defendants were aware that such a charge would occur,[13] for example, may evince Defendants' intent or knowledge to conceal or omit a material fact.  Plaintiff also pled sufficient facts that may prove that Defendants' misrepresentations regarding PlatePass and the per diem administrative fee constituted an affirmative act.  In his Complaint, Plaintiff alleged the Hertz rental contract, as presented to and signed by him, "contained affirmative representations that it disclosed all charges that the renter would incur."[14] (Doc. 1, Compl. ¶ 79).  The contract,

---

[13] According to Plaintiff's Complaint, "Defendants are and were in a superior position to know such facts and information, and such information is within Defendants' exclusive knowledge and unknown to Plaintiff and Class Members." (Doc. 1, Compl. ¶ 45).

[14] For amounts that could not be ascertained until after the rental period, the item description was followed by asterisks rather than a dollar amount.  The section of the contract relating to the administrative fees did not contain any asterisks.

however, did not disclose the per diem administrative fee associated with PlatePass, nor did it identify the PlatePass system.  Defendants' representation that the contract disclosed all charges, when in fact it did not, may have constituted an affirmative act of misrepresentation.

Defendants do not challenge whether Plaintiff established an ascertainable loss or asserted facts that show a causal connection between the unlawful conduct and the ascertainable loss.  The Court, therefore, concludes Plaintiff asserted facts that may establish a *prima facie* case of consumer fraud and will deny Defendants' Motion to Dismiss Plaintiff's consumer fraud claim.

### D.   Unjust Enrichment

Defendants contend Plaintiff cannot pursue a quasi-contractual claim for unjust enrichment because that remedy is unavailable when there is an express contract covering the identical subject matter of the claim.  Plaintiff retorts that Fed. R. Civ. P. 8(d)(2) permits pleading in the alternative.

To establish a cause of action for unjust enrichment, a plaintiff must establish that "defendant(s) received a benefit and that retention of that benefit without payment would be unjust." Goldsmith v. Camden County Surrogate's Office, 975 A.2d 459, 462 (N.J. Super. Ct. App. Div. 2009) (citation and internal quotation marks omitted).  Indeed, "[u]njust enrichment is not an

17

independent theory of liability, but is the basis for a claim of quasi-contractual liability." Id. at 463 (citation and internal quotation marks omitted).  While a plaintiff may not recover on both a breach of contract claim and an unjust enrichment claim, a plaintiff may plead alternative and inconsistent legal causes of action arising out of the same facts. *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."), (3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); Shankman v. State, 876 A.2d 269, 280 (N.J. 2005) (noting that "it is well settled" that plaintiffs "may plead alternative or inconsistent claims" (citing N.J. Ct. R. 4:5-6)); Caputo v. Nice-Pak Prods., Inc., 693 A.2d 494, 497 (N.J. App. Div. 1997).

     Plaintiff may plead alternative legal theories at the motion to dismiss stage. MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp.2d 729, 736 (D.N.J. 2008) ("This Court has regularly permitted claims for both unjust enrichment and breach of contract to proceed at the motion to dismiss stage, finding that dismissal of one of these claims would be premature").  If the rental agreement is later found not to cover the PlatePass per diem administrative fee, then Plaintiff may proceed with his unjust enrichment claim.  Alternatively, if a valid written contract covered the PlatePass per diem administrative fees, then

the existence of this contract would prevent Plaintiff from asserting a claim of quasi-contractual liability.  Defendants' Motion to Dismiss Plaintiff's unjust enrichment claim will be denied.

**IV.**	**CONCLUSION**

For the reasons expressed above, Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 11] is denied.  An Order consistent with this Opinion will be entered.

Date: March 28, 2011                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.